## A. SPEARS *v.* J. H. SHROPSHIRE.

The plaintiff, a married woman, sued to recover certain slaves; she offered in evidence an *antenuptial* marriage settlement, which was ruled out on the ground that it had been adjudged to be fraudulent in Mississippi. But held, that the records produced did not show that it had been so adjudged.

A marriage settlement made in Mississippi might be void for fraud as to antecedent creditors, and not necessarily void as to subsequent creditors.

A judgment rendered in one case will not constitute *res judicata* in another, where the parties are different.

APPEAL from the District Court of the parish of East Feliciana, *Sterling*, J. *Smith & Smiley* and *Perin*, for plaintiff and appellant. *Muse*, for defendant.

SLIDELL, C. J. One of the objects of this suit is to recover certain negroes, alleged to have been the property of *Aletha Spears*, before her marriage with *Shropshire*, and conveyed in trust to her co-plaintiff, *Collins*, by an antenuptial marriage settlement. The defendants allege that the marriage settlement was fraudulent, and had been so adjudged in Mississippi.

At the time of the cause the plaintiff offered in evidence the marriage settlement, and to its admission the defendant objected, on the ground that it had been adjudged fraudulent in the courts of Mississippi, as shown by certain judicial records of that State, offered in evidence by the defendant, which objection was sustained by the Court, and the marriage settlement was excluded.

In this ruling we think the Court erred. We are clearly of opinion that the proceedings and decrees in Mississippi do not on their face, show that the marriage settlement has ever been adjudged in Mississippi fraudulent and void. The record in one case simply ascertains that *a claim by Collins*, as trustee, for *four bales of cotton*, set up on a seizure of said four bales by certain judgment creditors of *James H. Shropshire*, was interposed for fraudulent purposes. The other record, or rather fragment of a record, simply shows that certain proceedings at law, against certain slaves, which may have been the same now in controversy, had been arrested by an injunction obtained upon presentation of a bill of complaint, of which no copy is before us, that this injunction had been dissolved for *want of equity on the face of the bill*, a demurrer thereto being sustained, and that the decree was affirmed on appeal.

The ground of exclusion therefore, which was adopted by the District Judge was untenable. To avoid, however, future discussions in the trial of this cause, it is proper to say that the exclusion of the marriage settlement would have been erroneous, even if those records had shown that the invalidity of the marriage settlement on the ground of fraud had been therein adjudged. For those decrees would not constitute *res judicata* in the present case, being between different parties. Moreover, a marriage settlement made in Mississippi might be void for fraud as to antecedent creditors, and not necessarily void as to subsequent creditors.

In consequence of the direction which the cause took at the trial, it would be premature to decide, now, the validity of the marriage settlement, under the laws of Mississippi.

The proposition "that the cause should have been dismissed *in limine litis*, for the reason that the prosecutions of the same would implicate Mr. and Mrs. *Shropshire* in the crimes of fornication and adultery, bastardize their children and fix a stigma upon their family, and was *contra bonos mores*," seems to us, as at present advised, untenable.

It appears that Mr. & Mrs. *Shropshire* were twice married, once in 1829 and once in 1832. The marriage settlement was made before the second marriage, and at the time of the first marriage, *Shropshire* had another wife living; but there was a divorce a *vinculo matrimonii* before his second marriage to the plaintiff, and her knowledge of the previous marriage is not *proved*. There is reason to believe from testimony taken in this cause, but excluded at the trial, that it will be found the second marriage to Mrs. *Aletha Shropshire* was valid, and the first marriage to her, void under the laws of Mississippi; and consequently that her personalty did not pass to him *jure mariti*. It may also appear that, under the law of Mississippi, the previous issue were legitimated by the second marriage. We express at present no conclusive opinions on these questions of Mississippi law, and confine ourselves to observing that we find no present reason to dismiss the suit on the grounds suggested.

If the marriage settlement should be found to be valid under the laws of Mississippi, it will suffice to exclude the defendant *Shropshire*, and those claiming under him from setting up any ownership in property comprehended in it. If a Court in Louisiana will not enforce the marriage settlement specifically, because it contains, as alleged, a *fidei commissum* (upon which we express no opinion at present,) still, if the marriage settlement was valid in Mississippi, it would seem equitable to protect the original ownership of Mrs. *Shropshire*, and give her succession the benefit of it, she having died since she brought this suit.

It is therefore decreed that the judgment of the District Court be reversed, and that this cause be remanded for further proceedings according to law, and with instructions to the Court below to receive in evidence the marriage settlement; the costs of the appeal to be paid by the appellee.